```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

KARL KYRISS, et al.              :     CIVIL ACTION
                                 :
          v.                     :
                                 :
THE HOME DEPOT, et al.           :     NO. 07-cv-03801-JF

MEMORANDUM AND ORDER

Fullam, Sr. J.                                  February 21, 2008

      The complaint in this action alleges that, on September 10, 2007, a fire broke out at a gas grill being used at the home of the named plaintiffs, Karl and Sharon Kyriss; that the gas grill was defective; and that the grill was manufactured by the defendant Fiesta Gas Grills, LLC, and sold to Mr. and Mrs. Kyriss by the defendant The Home Depot.

      After the complaint was filed, the defendant manufacturer filed a third-party complaint against Ferrellgas, L.P. d/b/a Blue Rhino, allegedly the manufacturer of the propane tank used with the grill; and Home Depot filed a cross-claim against Blue Rhino.  Alleging that neither the third-party complaint nor the cross-claim stated a valid claim against it, Blue Rhino has moved to dismiss those claims.  Home Depot has not responded, but the defendant manufacturer, Fiesta, opposes the motion to dismiss.

      I conclude that the motions to dismiss should more properly be handled as motions for summary judgment under Fed. R. Civ. P. 56, since (a) reasonable minds could perhaps differ as to

whether the vague and conclusory allegations of Fiesta's pleading are sufficient under federal pleading rules and (b) a motion for summary judgment would require Fiesta to clarify its apparent belief that the propane tank associated with the grill, and/or the deck upon which the grill was situated, were defective and helped caused the fire.

There is, however, a more basic problem with this case – one which should be resolved before any further action is taken.  Although the plaintiffs are identified in the caption as "Karl and Sharon Kyriss," the complaint itself was filed by "State Farm Fire & Casualty Company (herein after "plaintiff," "subrogee," or "subrogee plaintiff") as subrogee of the nominal plaintiffs listed in the caption above."  And, in paragraph 8 of the complaint, it is alleged:

> "To the extent these damages were covered under the insurance policy that subrogors had in full force and effect at the time with plaintiff, claim monies were or will be paid to subrogors consistent with their policy's terms and conditions.  As a result thereof, plaintiff becomes subrogated to the claims asserted in this action."

In my view, however, (1) State Farm's subrogation rights arise only when, and to the extent that, it has paid for the damages sustained in the fire, and (2) on the present state of the record, there is the distinct risk, and probably the reality, that claims belonging to the so-called nominal plaintiffs, Mr. and Mrs. Kyriss, are being split.  I am not aware

of any basis on which the court should countenance that approach to litigation.

      I conclude that the complaint must be dismissed, with leave to file an amended complaint which either (a) is filed on behalf of the named plaintiffs, or (b) provides assurance that the action is pursued by an entity which has succeeded to all of the rights of the named plaintiffs in connection with this action.

      An Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KARL KYRISS, et al.            :      CIVIL ACTION
                               :
          v.                   :
                               :
THE HOME DEPOT, et al.         :      NO. 07-cv-03801-JF
```

ORDER

AND NOW, this 21st day of February 2008, IT IS ORDERED:

1. The complaint in this action (Dkt. No. 1, filed September 13, 2007) is DISMISSED, with leave to file an amended complaint in compliance with the accompanying Memorandum.

2. The pending motion to dismiss the third-party complaint of Fiesta Gas Grills, LLC is DISMISSED as moot, with leave to file a motion for summary judgment at the appropriate time if the third-party complaint is reasserted.

```
                              BY THE COURT:


                              /s/ John P. Fullam
                              John P. Fullam, Sr. J.
```