```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KARL KYRISS and SHARON KYRISS     :      CIVIL ACTION
                                  :
          v.                      :
                                  :
THE HOME DEPOT, et al.            :
                                  :
          v.                      :
                                  :
UNI-SPLENDOR CORPORATION, BLUE    :
RHINO and EON DECKING             :      NO. 07-cv-03801-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                          May 28, 2008

        Plaintiffs, Karl and Sharon Kyriss, Pennsylvania citizens, brought this action to recover damages allegedly caused when a gas grill they were using malfunctioned, causing extensive fire damage to their residence.  They had purchased the grill at The Home Depot, and the grill was manufactured by the defendant Fiesta Gas Grills, LLC.

        Both The Home Depot and Fiesta Gas Grills are represented by the same counsel, and have presented a unified defense.

        The defendants filed third-party complaints against Uni-Splendor, the original manufacturer of the grill; Blue Rhino, which supplied the fuel tank for the grill, and EON Decking, which had supplied the outdoor deck upon which the grill had been located.  Blue Rhino and EON Decking thereupon filed a cross-claim against the third-party defendant, Uni-Splendor.  Uni-

Splendor has filed a motion to dismiss the third-party complaint and the cross-claim, alleging lack of personal jurisdiction in this Court. The motions will be granted.

Uni-Splendor is a Taiwanese corporation, with principal office in that country. It was the actual manufacturer of the gas grill in question, pursuant to a contract with Fiesta Gas Grills. Under the terms of that contract, Fiesta Gas Grills designed the grill and provided detailed specifications for the manufacture of the grill. Uni-Splendor arranged to have the grill parts manufactured at its factory in mainland China. The unassembled grill was then shipped from China to the defendant Fiesta. The contract provided that title passed to Fiesta upon delivery to the designated shipping line at the Chinese port. The defendant Fiesta thereafter assembled the grill and delivered it to Home Depot for sale.

The defendant Uni-Splendor has no office or place of business in the continental United States; has no representatives here; has never had any connection to Pennsylvania; and asserts that *in personam* jurisdiction in this District is totally lacking. I agree. The controlling decision applicable to this case is Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102 (1987). Under either of the two plurality opinions in that case, *in personam* jurisdiction cannot be asserted in Pennsylvania. An Order follows.

```
                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

KARL KYRISS and SHARON KYRISS     :      CIVIL ACTION
                                  :
        v.                        :
                                  :
THE HOME DEPOT, et al.            :
                                  :
        v.                        :
                                  :
UNI-SPLENDOR CORPORATION, BLUE    :
RHINO and EON DECKING             :      NO. 07-cv-03801-JF

## ORDER

AND NOW, this 28th day of May 2008, IT IS ORDERED:

1. The motion of third-party defendant Uni-Splendor Corporation to dismiss the third-party complaint filed by the defendants The Home Depot and Fiesta Gas Grills, LLC is GRANTED. Their third-party complaint is DISMISSED.

2. The motion of third-party defendant Uni-Splendor Corporation to dismiss the cross-claim of Blue Rhino and EON Decking is GRANTED.

3. The caption of this case is AMENDED to show that the correct name of third-party defendant "EON Decking" is "CPI Plastics Group, Ltd."

                                    BY THE COURT:


                                    /s/ John P. Fullam
                                    John P. Fullam, Sr. J.