IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KARL KYRISS, *et al.*             :        CIVIL ACTION
                                  :
            v.                    :
                                  :
THE HOME DEPOT, *et al.*          :        NO. 07-3801


MEMORANDUM AND ORDER

Fullam, Sr. J.                              November 10, 2008


        The plaintiffs, Karl and Sharon Kyriss, brought this
action to recover damages allegedly caused when a gas grill they
were using malfunctioned, causing extensive fire damage to their
residence.  They had purchased the grill at The Home Depot, and
the grill was manufactured by the defendant Fiesta Gas Grills,
LLC.  The Home Depot and Fiesta Gas Grills are represented by the
same counsel, and have presented a unified defense.

        The defendants filed a third-party complaint against
Ferrell Gas, L.P. d/b/a Blue Rhino ("Blue Rhino"), alleging that
it manufactured, purchased, or filled the propane tank used with
the grill.  It now appears that Blue Rhino was not the
manufacturer (although it still played a role in the
distribution); Home Depot and Fiesta argue that testing on the
tank has identified it as being manufactured by Worthington
Cylinder Corp., and assert that there may have been a defect with
the valve assembly, thus providing a reason to join Worthington.

The defendants received the report with this information on September 11, 2008.  The motion was filed nearly a month later, on October 8, 2008.

The plaintiffs object to joinder, arguing that Blue Rhino's discovery responses, served in July 2008, were sufficient to put the defendants on notice that there was a potentially liable party not in the case.  The plaintiffs also argue that the radiographic examination of the tank occurred on June 30, 2008 with the defendants' experts attending, so that Worthington should have been identified before September.

Under the applicable local rule,

> Applications pursuant to Fed. R. Civ. P. 14 for leave to join additional parties after the expiration of the time limits specified in that rule will ordinarily be denied as untimely unless filed not more than ninety (90) days after service of the moving party's answer. If it is made to appear to the satisfaction of the court, that the identity of the party sought to be joined, or the basis for joinder, could not with reasonable diligence have been ascertained within said time period, a brief further extension of time may be granted by the Court in the interests of justice.

E.D. Pa. R. Civ. P. 14.1(a).  In deciding whether to permit the untimely joinder, the Court should consider "(1) the possible prejudice to the plaintiff; (2) complication of issues at trial; (3) probability of trial delay; and (4) timeliness of the motion to implead."  Con-Tech Sales Defined Benefit Trust v. Cockerham, 715 F. Supp. 701, 703 (E.D. Pa. 1989).

The defendants have waited too long to attempt to join

Worthington.  Even if the manufacturer's identity could not be determined until September 11, 2008, the defendants waited nearly a month before filing the motion, doing so only one week before the agreed-upon discovery deadline.  The need for fact and expert discovery by Worthington would certainly require a delay in the trial, scheduled by agreement for March 2009, and adding another party would likely complicate the trial.  The defendants have not carried their burden in justifying the late joinder, Campbell v. Oxford Electronics, Inc., 2008 Westlaw 2978550 *2  (E.D. Pa. July 31, 2008) (Pratter, J.), and the motion will be denied.

An order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KARL KYRISS, *et al.*          :          CIVIL ACTION
                               :
          v.                   :
                               :
THE HOME DEPOT, *et al.*       :          NO. 07-3801


<u>ORDER</u>

AND NOW, this 10th day of November 2008, upon consideration of Defendant's Motion for Leave to Join as Additional Defendant, Worthington Cylinder Corporation, and the response thereto,

IT IS hereby ORDERED that the Motion is DENIED.


BY THE COURT:


/s/ John P. Fullam
Fullam,          Sr. J.